```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 8/12/21              │
└─────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DANIEL YANNES, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SCWORX CORPORATION and MARC S. SCHESSEL,

Defendants.

Case No.: 20-cv-3349-JGK

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, the Parties[1] having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

---

[1] The Parties are defined as those parties to the captioned action, the Derivative Action before the Court [Lead Case No. 20 cv 04554 (JGK) and the parties to *Zarins v. Schessel, et al.*, C.A. No. 2020-0924-MTZ pending in the Delaware Chancery Court.

2.     At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate Confidential Information therein as confidential by informing opposing counsel in writing.

3.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.     The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."  All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

       a.  The requesting party and counsel, including in-house counsel;

       b.  Employees of such counsel assigned to and necessary to assist in the litigation;

       c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

       d.  Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, preparing exhibits or demonstrations, etc.);

       e.  Any insurer and such insurer's outside counsel participating in matters related to this action;

Case 1:20-cv-03349-JGK  Document 64  Filed 08/11/21  Page 3 of 10

  f. Any witness or potential witness at any deposition or hearing in this action;

  g. Court reporters, stenographers, or video operators who record and/or transcribe depositions or testimony in this action;

  h. Any mediator or arbitrator that the Parties engage in this matter; and

  i. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. For any persons described in 5(c), 5(d), or 5(f) above, require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all terms of the Stipulation and Order.

8.     Any Personal Identifying Information ("PII") (e.g. social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.  Nothing herein shall preclude the producing party from asserting legal claims to constitute a waiver of legal rights and defense in the event of litigation arising out of the receiving party's failure to appropriately protect PII for unauthorized disclosure.

9.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected document or communication, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from disclosure in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including meta data) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures for filing under seal.

11.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer

Case 1:20-cv-03349-JGK   Document 64   Filed 08/11/21   Page 5 of 10

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those filed will remain protected.

12.   Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**

Dated:  New York, New York
        August _10_ 2021

| | | |
|---|---|---|
| **KAPLAN FOX & KILSHEIMER LLP** | **KING & SPALDING LLP** | **LAW OFFICES OF CAROLE R. BERNSTEIN, ESQ.** |
| By: _____ | By: _____ | By: _____ |
| Laurence D. King | Paul R. Bessette | Carole R. Bernstein |
| 1999 Harrison Street, Ste. 1560 | Michael J. Biles | Law Offices of Carole R. Bernstein |
| Oakland, CA 94612 | 500 West 2nd Street Ste. 1800 | 41 Maple Avenue North |
| Telephone: (415) 772-4700 | Austin, TX 78701 | Westport, Connecticut 06880 |
| Facsimile: (415) 772-4707 | Telephone: (512) 457-2050 | 203-255-8698 |
| | Facsimile: (512) 457-2100 | 203-259-4735 (fax) |

| | | |
|---|---|---|
| Frederic S. Fox | | New York Office: |
| Donald R. Hall | | 178 East 80th Street |
| Melinda D. Campbell | | Suite 25D |
| Pamela Mayer | | New York, New York 10075 |
| 850 Third Avenue, 14th Floor | | |
| New York, NY 10022 | | |
| Telephone: (212) 687-1980 | | |
| Facsimile: (212) 687-7714 | | |

| | | |
|---|---|---|
| *Counsel for Lead Plaintiff and the Class* | *Counsel for Defendant Marc S. Schessel* | *Counsel for Defendant SCWorx Corporation* |

| | | |
|---|---|---|
| **GAINEY MCKENNA & EGLESTON** | **THE BROWN LAW FIRM, P.C.** | **THE ROSEN LAW FIRM** |
| By: _____ | By: _____ | By: _____ |
| Thomas J. McKenna | Timothy Brown | Philip Kim |

subject to further appeal) returned to the producing party or certified as destroyed, except that the

parties' counsel shall be permitted to retain their working files on the condition that those filed

will remain protected.

12.     Nothing herein shall preclude the parties from disclosing material designated to

be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**

Dated:  New York, New York
        August __, 2021

| **KAPLAN FOX & KILSHEIMER LLP** | **KING & SPALDING LLP** | **LAW OFFICES OF CAROLE R. BERNSTEIN, ESQ.** |
|---|---|---|
| By: _____ | By: _____ | By: _____ |
| Laurence D. King | Paul R. Bessette | Carole R. Bernstein |
| 1999 Harrison Street, Ste. 1560 | Michael J. Biles | Law Offices of Carole R. Bernstein |
| Oakland, CA 94612 | 500 West 2nd Street Ste. 1800 | 41 Maple Avenue North |
| Telephone: (415) 772-4700 | Austin, TX 78701 | Westport, Connecticut 06880 |
| Facsimile: (415) 772-4707 | Telephone: (512) 457-2050 | 203-255-8698 |
|  | Facsimile: (512) 457-2100 | 203-259-4735 (fax) |

Frederic S. Fox
Donald R. Hall
Melinda D. Campbell
Pamela Mayer
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

New York Office:
178 East 80th Street
Suite 25D
New York, New York 10075

| *Counsel for Lead Plaintiff and the Class* | *Counsel for Defendant Marc S. Schessel* | *Counsel for Defendant SCWorx Corporation* |
|---|---|---|

| **GAINEY MCKENNA & EGLESTON** | **THE BROWN LAW FIRM, P.C.** | **THE ROSEN LAW FIRM** |
|---|---|---|
| By: _____ | By: _____ | By: _____ |
| Thomas J. McKenna | Timothy Brown | Philip Kim |

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those filed will remain protected.

12.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**

Dated:  New York, New York
        August __, 2021

| KAPLAN FOX & KILSHEIMER LLP | KING & SPALDING LLP | LAW OFFICES OF CAROLE R. BERNSTEIN, ESQ. |
|---|---|---|
| By: _____<br>Laurence D. King<br>1999 Harrison Street, Ste. 1560<br>Oakland, CA 94612<br>Telephone: (415) 772-4700<br>Facsimile: (415) 772-4707 | By: _____<br>Paul R. Bessette<br>Michael J. Biles<br>500 West 2nd Street Ste. 1800<br>Austin, TX 78701<br>Telephone: (512) 457-2050<br>Facsimile: (512) 457-2100 | By: _____<br>Carole R. Bernstein<br>Law Offices of Carole R. Bernstein<br>41 Maple Avenue North<br>Westport, Connecticut 06880<br>203-255-8698<br>203-259-4735 (fax) |

Frederic S. Fox
Donald R. Hall
Melinda D. Campbell
Pamela Mayer
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

New York Office:
178 East 80th Street
Suite 25D
New York, New York 10075

*Counsel for Lead Plaintiff and the Class*

*Counsel for Defendant Marc S. Schessel*

*Counsel for Defendant SCWorx Corporation*

| GAINEY MCKENNA & EGLESTON | THE BROWN LAW FIRM, P.C. | THE ROSEN LAW FIRM |
|---|---|---|
| By: _____<br>Thomas J. McKenna | By: _____<br>Timothy Brown | By: _____<br>Philip Kim |

Frederic S. Fox
Donald R. Hall
Melinda D. Campbell
Pamela Mayer
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

New York Office:
178 East 80th Street
Suite 25D
New York, New York 10075

*Counsel for Lead Plaintiff
and the Class*

*Counsel for Defendant Marc
S. Schessel*

*Counsel for Defendant
SCWorx Corporation*

GAINEY MCKENNA &
EGLESTON

By: *Thomas J. McKenna*

Thomas J. McKenna
501 Fifth Avenue 19ᵗʰ Floor
New York, New York. 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383.

*Counsel for Hemrita Zarins*

THE BROWN LAW FIRM,
P. C.

By: _____
Timothy Brown
767 Third Avenue Suite 2501
New York, New York
Telephone: (516) 922-5427

*Counsel for Javier Lozano*

THE ROSEN LAW FIRM

By: _____
Philip Kim
275 Madison Avenue, 40ᵗʰ
Floor
New York, New York 10016
212-686-1060
212-202-3827 (fax)

*Counsel for Josstyn Richter*

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5

501 Fifth Avenue 19th Floor
New York, New York. 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383.

767 Third Avenue Suite 2501
New York, New York
Telephone: (516) 922-5427
*Counsel for Javier Lozano*

275 Madison Avenue, 40th
Floor
New York, New York 10016
212-686-1060
212-202-3827 (fax)

*Counsel for Hemrita Zarins*

*Counsel for Josstyn Richter*

IT IS SO ORDERED.

DATED: ___8/11/21___

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered.*

*John G. Koeltl*

*8/11/21   U.S.D.J.*

6

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such document or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such document to any other person.  I further agree not to use any such information for any purpose other than this litigation.


DATED:

_____
Signed in the presence of:


_____
[Attorney]

7